IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BCS INSURANCE COMPANY, INC., )
)
      Plaintiff, )
)
v. )   No. 04 C 3808
)
)
GUY CARPENTER & COMPANY, INC., )
)
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants Guy Carpenter & Company, Inc.'s ("Guy") motion to dismiss the second amended complaint. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Insurance Specialists, Inc. ("ISI") sold extended warranty programs to producers, dealers, and retailers around the country. The extended warranty program sold by ISI covered products such as automobiles, recreational vehicles, computers, and appliances. Plaintiff BCS Insurance Company, Inc. ("BCS") alleges that it was introduced to the ISI program in 1992 by Guy's predecessor in interest

1

H.S. Fox. BCS claims that it was understood that the ISI program would be one-hundred percent insured by the reinsurer who would be responsible for all risk and would administer the program. BCS also alleges that it was understood by H.S. Fox and Guy that BCS would retain no underwriting risk or other risk associated with the ISI program.

BCS alleges that after a few years of participation in the ISI program it agreed to retain a small portion of the risk in the ISI program and then decided in 1995 to not retain any risk in the program any longer. BCS alleges that in 1995 it notified Guy that BCS would be terminating its participation in the ISI program at the end of the 1995 reinsurance treaty-year. BCS alleges that in late 1995 or early 1996 Guy advised BCS that a group of London based reinsurers would be underwriting the ISI program, undertaking all risk in the program, and would oversee the program. BCS claims that Guy asked BCS to reconsider its decision to terminate its participation in the ISI program, based on the assertions regarding the involvement of the London based reinsurers in the ISI program. BCS agreed to continue its participation in the program, but BCS alleges that it was understood that the ISI program would be one-hundred percent reinsured and managed by the London based reinsurers.

BCS alleges that it subsequently acted as the issuing carrier for the ISI program and the London based reinsurers for the 1996, 1997, and 1998 reinsurance treaty-years. BCS alleges that Guy never obtained the reinsurance for the ISI program as promised to BCS, which BCS claims resulted in liability to BCS. BCS

alleges that it informed Guy in late 1997 or early 1998 that it was terminating its participation in the ISI program and BCS agreed to continue its participation only during a transition period during which the ISI program would continue to be fully reinsured.

In March of 1999, BCS submitted a claim for $36 Million to the London based reinsurers relating to liability from the ISI program. BCS alleges that the claim was paid in full. BCS claims that it was unaware at the time that the London based reinsurers also conveyed a letter with a reservation of rights provision to Guy. BCS alleges that during 1999 and 2000 BCS and the London based reinsurers communicated only through Guy and BCS alleges that it continued to pay claims under the ISI program. BCS alleges that after the 2000 monthly account, the London based reinsurers refused to make any additional payments to BCS and demanded arbitration to rescind the reinsurance agreements or in the alternative to obtain compensation from BCS for certain loses relating to the ISI program. BCS alleges that in order to toll the statute of limitations on any claims BCS had against Guy, the parties entered into a tolling agreement in February of 2001.

BCS alleges that it entered into arbitration with the London based reinsurers. According to BCS, the London based reinsurers prevailed in arbitration on the claims seeking compensation for certain losses and BCS prevailed on the issue of rescinding the reinsurance contracts. BCS claims that its liability owed to the London based reinsurers was caused by Guy's false representations and Guy's

failure to secure resinsurance. BCS brought the instant action which includes a breach of contract claim (Count I), a breach of implied contract claim (Count II), a professional negligence claim (Count III), an implied indemnity claim (Count IV), and a breach of fiduciary duty claim (Count V).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current

4

notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

Guy argues that the instant action is barred by the statute of limitations. In regards to claims against an insurance producer, Illinois law provides the following:

> 5/13-214.4. Actions against insurance producers, limited insurance representatives, and registered firms
> § 13-214.4. Actions against insurance producers, limited insurance representatives, and registered firms. All causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm, or limited insurance representative

5

concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues.

735 ILCS 5/13-214.4. Guy argues that it is an insurance producer and that BCS's filing of the instant action on September 29, 2004, was well beyond the two year statute of limitations period that followed the alleged false representations by Guy and its alleged failure to obtain reinsurance for the ISI program. In federal court a statute of limitations is an affirmative defense and a plaintiff need not plead in anticipation of the statute of limitations defense. *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 688 (7th Cir. 2004). A federal court can resolve the statute of limitations issue at the pleading stage only when "[t]he statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired." *Id.*

Guy argues that it is undisputed from the face of the complaint that the statute of limitations period has expired in this action. However, BCS argues that the discovery rule, *see e.g. Vogt v. Bartelsmeyer*, 636 N.E.2d 1185,1189 (Ill. App. Ct. 1994), applies in this action and that there are evidentiary issues regarding when BCS discovered the alleged misconduct by Guy. BCS also argues that the statute of limitations was tolled by the tolling agreement between the parties which raises other evidentiary issues.

In regards to the discovery rule, when making all reasonable inferences from

the pleadings in favor of BCS, there are sufficient facts to show that the discovery rule is applicable in this action. Also, regardless of whether BCS pled facts referring to the discovery rule, there is no such pleading requirement for the discovery rule in the federal system. Guy argues that a plaintiff is required to plead facts "that would support the invocation of the [discovery] rule." (Reply 6). However, such a notion is entirely contrary to the federal court pleading standard under which a plaintiff is not required to plead facts to address the statute of limitations defense and is not required to even plead causes of action.

In support of its position Guy quotes a portion of an Illinois state court ruling. However, the federal court pleading standard is not the same pleading standard utilized in the Illinois state courts. Thus, the ruling cited by Guy merely reflects the state pleading requirements as opposed to the different notice pleading standard utilized in federal courts. In support of its position Guy also cites one Northern District case which is not controlling precedent and which relies upon an Illinois state court ruling made pursuant to the Illinois state court pleading standard. Under the notice pleading standard utilized by the federal courts, the emphasis is solely upon ensuring that the defendant has notice of the claim against him and only in exceptional circumstances are specific details required in a complaint. Unlike many state court systems, in the federal court system a plaintiff is not required to plead facts such as facts to support each element of a claim. Guy has provided no controlling authority to support its position that the discovery rule is one of those

7

exceptional circumstances when specificity is required in federal pleading. Guy also complains that if we were not to impose the Illinois pleading standard upon BCS plaintiffs "would have an incentive to file in federal court where the Illinois discovery rule pleading standards could be easily circumvented." (Reply 7). However, that is true with any action that can be filed in either state or federal court. A plaintiff may choose to proceed in federal court where a different pleading standard is applied. Nothing prohibits a plaintiff from doing so.

Guy also argues that the tolling agreement is void as a matter of law. We cannot agree that BCS's tolling argument is patently without merit. There are various issues such as the applicable choice of law, and the application of the doctrine of estoppel that require an inquiry into materials and evidence that is far beyond the complaint and beyond the scope of a motion to dismiss inquiry. Another issue that is argued by BCS is whether Guy is an insurance producer which could impact the statute of limitations analysis. However, again such an analysis is premature. Guy has attempted to argue the lack of merit of the evidence in this action in BCS's favor in regards to the statute of limitations defense, rather than addressing whether or not the pleadings are sufficient to state a claim. Therefore, we deny the motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we deny Guy's motion to dismiss.

                                           _____
                                           Samuel Der-Yeghiayan
                                           United States District Court Judge

Dated:  January 26, 2005