IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BCS INSURANCE COMPANY, INC.,   )
                               )
             Plaintiff,        )
                               )
       v.                      )   No. 04 C 3808
                               )
GUY CARPENTER & COMPANY,       )
INC.,                          )
                               )
             Defendant.        )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the Court on Defendant Guy Carpenter & Company, Inc.'s ("Guy Carpenter") bill of costs. For the reasons stated below, we grant in part and deny in part Guy Carpenter's bill of costs.

## BACKGROUND

On December 8, 2005, this court granted Guy Carpenter's motion for summary judgment, and denied Plaintiff BCS Insurance Company, Inc.'s ("BCS") motion for summary judgment. As the prevailing party, Guy Carpenter filed a bill of costs with the court, seeking $79,106.17 in costs. At the court's order on March 28,

1

2006, Guy Carpenter has submitted a revised bill of costs, seeking $73,525.49 in costs.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005); *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)(stating that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined"). In addition to making sure that requested costs are recoverable, a district court must also ensure that the costs are reasonable. *See, e.g., Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

**DISCUSSION**

I. Photocopying Costs

Guy Carpenter is seeking $38,145.04 in photocopying costs. BCS argues that Guy Carpenter's photocopying costs should be reduced because Guy Carpenter failed to provide proper documentation for in-house and outside reproduction services, and instead only listed a summary of these costs. BCS also argues that Guy Carpenter photocopied many documents that were not relevant to the case. The Seventh Circuit has stated that "the amount of itemization and detail required is a question for the market [and that] [i]f counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001).

A. Outside Photocopying Costs

Guy Carpenter is seeking $27,186.60 in outside photocopying costs. BCS argues that Guy Carpenter is "attempting to recover fees paid to its outside vendors for costs that are clearly not recoverable . . . ." (Resp. 4). For example, BCS objects to Guy Carpenter's requests for services such as VHS duplication, copying floppy disks, and optical character recognition. Guy Carpenter states that "[t]he receipts demonstrate the massive number and type of documents produced by BCS [and that] Guy Carpenter paid to copy BCS'[s] documents." (Mot. 9). However, the Seventh

3

Circuit has stated that a party may not recover costs that are for its own use or for attorney convenience. *Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). Guy Carpenter has not given the court any explanation for how these disputed costs were necessary to this litigation. In addition, despite the court's request that Guy Carpenter file "a new bill of costs, with itemization and proper documentation for all of the costs that it is seeking," (3/28/06 Op.), Guy Carpenter has not itemized its bill of costs in a way that would allow the court to determine which of its outside copying costs are properly recoverable and which are not. Guy Carpenter was given a second chance to file a properly itemized bill of costs and it failed to do so. Accordingly, we deny Guy Carpenter's request for outside photocopying costs.

### B. In-House Photocopying Costs

Guy Carpenter is seeking $10,958.44 for in-house photocopying costs. BCS argues that Guy Carpenter has failed to provide appropriate documentation for these costs. However, this case involved an almost ten-year relationship between BCS and Guy Carpenter, as well as several other business entities. Therefore, tens of thousands of documents were produced throughout the litigation, and a number of people were deposed. A client would neither desire nor expect the detailed documentation that BCS is requesting before the client would agree to pay for such

reproduction costs. In addition, Guy Carpenter has decided not to seek any of the in-house copying costs of one of its two attorneys, in recognition of the fact that "some extra photocopying, not properly taxable as costs, might have occurred because Guy Carpenter chose to retain two law firms to defend this case." (Mot. 9). Accordingly, we find, especially in light of Guy Carpenter's decision to not seek photocopying costs for one of its law firms, that Guy Carpenter has provided sufficient documentation of its in-house photocopying costs. We find Guy Carpenter's in-house photocopying costs both recoverable and reasonable and, therefore, award Guy Carpenter $10,958.44 for such costs.

II. Court Reporter Costs

Guy Carpenter is seeking $34, 476.66 in court reporter costs, including videotaping costs and transcript costs.

A. Videotaping Costs

Guy Carpenter is seeking to recover costs for both videotaping depositions and for transcripts of those same depositions. A prevailing party may recover costs for both a transcript and a videotape of depositions, provided that the party can show that "both are necessary and reasonable in the context of the particular case." *Engate, Inc. v. Esquire Deposition Svcs. LLC*, 2006 WL 695650, at *2 (N.D.Ill.

5

2006) (N.D.Ill. 2006)(citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448-49 (4th Cir. 1999); *Tilton v. Capital Cities/ABC Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997); and *Rogers v. City of Chicago*, 2002 WL 423723, at *3 (N.D.Ill. 2002)); *see also Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)(allowing recovery of both deposition transcripts and videotaping).

Guy Carpenter, however, has not shown that it was necessary to videotape depositions and still obtain transcripts for the same depositions. First, Guy Carpenter admits that all of the witnesses, except witnesses Don Fox, Bill Diones, Anne Marie Roberts, and Allan Sheppard, were either affiliated with the parties or within the subpoena power of the court. *See Engate, Inc. v. Esquire Deposition Svcs. LLC*, 2006 WL 695650, at *2 (N.D. Ill. 2006)(allowing party to recover both videotape and transcript costs only for witnesses that lived in England). Second, Guy Carpenter's claim that videotapes are "more compelling to the jury" is not sufficient to show that both costs were necessary. (Mot. 2).; *see also Rockett v. Marten Transport, Ltd.*, 2002 WL 54545, at *1 (N.D. Ill. 2002)(stating that "[i]f [parties] want that impeachment 'edge,' . . . they must pay for it themselves"). Third, Guy Carpenter argues that it should be able to recover its videotaping costs because "[w]itnesses die." (Mot. 3). However, if this were reason enough on its own to make videotaping witnesses a necessary cost, all videotaping would be recoverable. Finally, Guy Carpenter states that the fact that "BCS itself taped all of the depositions it took in this case . . . is tantamount to an acknowledgment that such

6

taping was 'necessary.'" (Mot. 3). We disagree. Parties to an action are free to spend their money as they please, but the fact that both parties have the same or similar expenditures does not mean that such costs are automatically recoverable. Therefore, we find that Guy Carpenter has not shown that both the videotapes and the transcripts of the depositions were necessary or reasonable, except for the depositions of the four witnesses mentioned earlier in this opinion who were located outside of the court's subpoena power. However, as discussed below, Guy Carpenter has failed to itemize its bill of costs with regard to all videotaping and transcript costs.

### B. Transcript Costs

BCS argues that "Guy Carpenter seeks an excessive fee for the copies of the transcripts of witnesses deposed by BCS." (Resp. 9). A prevailing party may recover transcript costs for depositions that were necessary to the litigation, so long as the requested transcript costs do not exceed the rates set by the Judicial Conference of the United States. *See Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)(stating that "the costs of [a] transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed"); L.R. 54.1. Under the current rates established by the Judicial Conference, the maximum reimbursement rate for transcripts is $3.30 per page for ordinary

transcripts, and $4.40 per page for expedited transcripts. *See Goldsmith v. Murphy*, 2005 WL 442230, at *4 (N.D.Ill. 2005)(discussing Judicial Conference transcript rates). As Guy Carpenter explains in its memorandum supporting its bill of costs, the rates that it is seeking to recover are within the rates established by the Judicial Conference. (Mot. 4-6).

BCS also argues that Guy Carpenter's request for transcript costs should be denied because Guy Carpenter is seeking reimbursement for MinU-Scripts, ASCII disks, and expedited shipping for transcripts. In general, such costs are not recoverable if they are simply for attorney convenience. *See Marley Mouldings Ltd. v. Mikron Industries, Inc.*, 2004 WL 2535266, at *1(N.D. Ill. 2004). Guy Carpenter has not stated any reasons to support a finding that these costs were necessary to the litigation and not simply for attorney convenience. Therefore, we find that Guy Carpenter cannot recover for MinU-Scripts, ACSII disk, and expedited shipping costs.

In sum, we find that Guy Carpenter has not shown that its costs for the videotaping of all but four of deposition witnesses and its MinU-Scripts, ASCII disks, and expedited shipping costs are recoverable. Guy Carpenter has shown that its costs for the four out-of-town witnesses and its other transcripts costs are recoverable. However, Guy Carpenter has failed to itemize its costs with regard to all videotaping and transcript costs, despite the court's order that Guy Carpenter clearly itemize its second bill of costs and after Guy Carpenter was on notice of

BCS's arguments based on BCS's response to Guy Carpenter's first bill of costs. The court cannot speculate as to which of the costs are properly recoverable and which are not, and Guy Carpenter has not met its burden of articulating and establishing its recoverable costs. Therefore, based on the foregoing, we deny Guy Carpenter's request for court reporter costs in its entirety.

### IV. Filing and Witness Fees

BCS has not objected to Guy Carpenter's request for reimbursement of its $150.00 filing fee and $753.79 in witness fees. We find that these requests are both recoverable and reasonable and, therefore, we grant Guy Carpenter's request for filing and witness fees.

### CONCLUSION

Based on the foregoing reasons, we deny in part and grant in part Guy Carpenter's bill of costs. Specifically, we award Guy Carpenter $10,958.44 for in-house photocopying costs, $150.00 filing fee costs, and $739.79 in witness fee costs, for a total of $11,848.23. We deny the remainder of Guy Carpenter's bill of costs.

_Samuel Der-Yeghiayan_
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 12, 2006